UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FIRAS AYOUBI, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-4220 |
| ) | |
| LATOYA HUGHES *et al.*, ) | |
|     Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Firas Ayoubi, an inmate at Hill Correctional Center ("Hill"), filed a Complaint (Doc. 1). Plaintiff also filed a Petition to Proceed in *forma pauperis* ("IFP") (Doc. 3), a Motion for Injunctive Relief, a Motion to Supplement (Doc. 6) his Motion for Injunctive Relief, and Motions for Expedited Screening (Doc. 9) and Ruling (Doc. 10).

**I.**     **Plaintiff's IFP Petition**

Before the Court conducts a Merit Review screening of Plaintiff's pleading, Plaintiff must make the requisite showing that he is in imminent danger of serious physical injury because Plaintiff has, on three or more occasions, filed complaints that failed to state a claim upon which relief could be granted, which Plaintiff acknowledges in his pleading. (Pl. Compl. Doc. 1 at 9.)

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "does not preclude a prisoner from bringing suit in federal court entirely; rather, the prisoner may either prepay in full all filing fees or make a showing of imminent danger of serious physical injury … to proceed with a federal suit." *Isby v. Brown*, 856 F.3d 508, 520 (7th Cir. 2017).

"[T]o meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison condition [must be] real and proximate.'" *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice; the harm must be imminent or occurring [when] the complaint is filed." *Id*. See also *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (noting that the imminent danger exception does not apply where there is no present danger or where the plaintiff "faced imminent danger sometime in the past.").

Plaintiff's pleading alleges deficient conditions of confinement at Hill, which include exposure to black mold, sewage, and floor adhesive, among others. Plaintiff's allegations, taken as true at the pleading stage, are sufficient to meet the relatively low criteria required to satisfy the imminent danger standard he faces as a three-strike litigant. *See Ciarpaglini*, 352 F.3d at 330 (concluding that it is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury"). Therefore, Plaintiff may proceed with his claims without

prepaying the $405 filing fee. Accordingly, Plaintiff's IFP Petition (Doc. 3) is granted. The Clerk of the Court is directed to calculate the appropriate initial filing fee remittance.

## II.   Complaint

### A. Screening Standard

The court must "screen" the complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff names as Defendants the Illinois Department of Corrections Director LaToya Hughes, Hill Warden Tyrone Baker, an unidentified contractor, and an unnamed manufacturer.

Plaintiff's allegations concern the conditions of his confinement at Hill Correctional Center since his arrival at the receiving unit in April 2023, where he noticed human waste, blood, and "other toxic substances on the walls and ceilings." (Doc. 1 at 10:6.) Plaintiff adds that there were persistent leaks, exposed floor adhesive where tiles had been removed that could not be removed by scrubbing, and mold in the shower and

living areas. (*Id.* at 6-7.) Plaintiff adds that staff informed him that construction at Hill was ongoing, necessitating inmate movement.

Plaintiff was moved to "[two] house," where he witnessed broken floor tiles throughout, "serious" leaks coming from plumbing closets, mold in the shower areas near ventilation units and ceilings, floor adhesive that had a "greasy look," and severe roof leaks coming into the dayroom. (*Id.* at 9:9-12.) Sometime later, Plaintiff was moved to one house because of construction, where he observed similar conditions described in two house. After a few months, Plaintiff was moved to three house "[w]hich had strikingly the same deficiencies." (*Id.* at 10:18.)

Plaintiff was then moved back to two house, which was "allegedly fixed." (*Id.* at 10:19.) Plaintiff claims that Defendant Baker, Hill's Warden, and contractors inspected two house before its reopening. However, Plaintiff claims he observed all the floor tiles were removed, leaving exposed adhesive in all areas, including cells, a huge pond of sewage water in the dayroom, the showers and ventilation units were littered with black mold, and chipping paint on almost every wall. (*Id.* at 10:22-25.) Plaintiff was later moved to four house where he observed mold everywhere, leaks, and exposed floor adhesive. (*Id.* at 11:27.) Plaintiff claims he suffers from cough, chest pain and tightness, headaches, and difficulty breathing. (*Id.* at 14:60, 62.)

**C. Analysis**

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious

Page **4** of **9**

medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id.* "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety.'" *Id.* at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id.* "[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

Despite naming Defendant Hughes, Plaintiff does not describe the acts or omissions Hughes took to infer her personal involvement. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

However, Plaintiff does state that Defendant Baker inspected the housing area and knew about the deficient conditions, which is sufficient to state a conditions of confinement claim against him. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (holding that the facility's warden is the proper defendant to answer for claims regarding conditions of confinement and to conduct any injunctive relief granted). However, Plaintiff fails to state a claim against the unidentified contractor and unnamed manufacturer.

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v.*

Page **5** of **9**

*King*, 745 F.3d 242, 246 (7th Cir. 2014). Neither a contracting company nor manufacturer are "persons" within the meaning of § 1983. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Furthermore, Plaintiff's account does not permit the reasonable inference that the contractor or manufacturer acted under the color of law as contemplated by § 1983. *See Miller v. Vohne Liche Kennels, Inc.*, 600 F. App'x 475, 477 (7th Cir. 2015) ("The fact that a "private entity performs a function that serves the public does not transform its conduct into state action.'") (quoting *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996)).

### III.    Injunctive Relief

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the movant is required to show that "(1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction." *Merritte v. Kessel*, 561 Fed. App'x. 546, 548 (7th Cir. 2014). "A harm is 'irreparable' if it 'cannot be prevented or fully rectified by the final judgment after trial.'" *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)).

"The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992)); *see also Rust Env't. & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1219 (7th Cir. 1997) (holding that a party seeking a preliminary injunction must satisfy each element). Although Plaintiff moves for a temporary restraining order

("TRO") and preliminary injunction, the Court construes Plaintiff's filing (Doc. 5) as a TRO only because a district court "may not issue a preliminary injunction without advance notice to the adverse parties." *Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014).

The Court denies Plaintiff's Motion for Injunctive Relief because Plaintiff has not sufficiently addressed any aspect of his threshold burden. Plaintiff asserts in his filing that he had satisfied the mentioned elements conclusively without elaboration. The Court also denies Plaintiff's Motion to Supplement his Motion for Injunctive Relief. (Doc. 6.) Plaintiff's supplement contains a sworn statement of another inmate who raises similar claims, which is irrelevant to Plaintiff satisfying his burden of persuasion. *See Ray v. Maher*, 662 F.3d 770, 773–74 (7th Cir. 2011) ("[Section] 1983 claims are personal to the injured party.") (citing *Russ v. Watts*, 414 F.3d 783, 790 (7th Cir. 2005) (holding that parents may sue only for constitutional injury to themselves, not for constitutional injuries to their son). Accordingly, the Court denies Plaintiff's Motions for Injunctive Relief, concluding that he has not clearly shown a basis for such relief.

IV.  **Remaining Motions**

With the entry of the Court's Order, Plaintiff's Motions for Expedited Screening (Doc. 9) and Ruling (Doc. 10) are moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's IFP Petition (Doc. 3) is granted. The Clerk of the Court is directed to calculate the appropriate initial filing fee remittance.**

2) **The Court DENIES Plaintiff's Motions for Injunctive Relief (Doc. 5) and Motion to Supplement (Doc. 6) for the reasons stated in the Court's Order.**

3) **Plaintiff's Motions for Expedited Screening (Doc. 9) and Ruling (Doc. 10) are**

    MOOT with the entry of the Court's Order.

4) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to state and Eighth Amendment conditions of confinement claim against Defendant Baker. Plaintiff's claims proceed against Baker in his individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

5) The Clerk of the Court is DIRECTED to terminate Latoya Hughes, Unknown Contractor, and Unknown Manufacturer as Defendants.

6) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order to set discovery and dispositive motion deadlines.

8) If Defendant Baker no longer works at the address provided by Plaintiff, the entity for whom Baker worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

10) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

13) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

14) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

15) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED June 13, 2024.

s/ Colleen R. Lawless
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
